**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4515
_____

YONG DONG,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A078-746-802)
Immigration Judge:  Honorable Henry S. Dogin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 2, 2011
Before:  AMBRO, GREENAWAY, JR. and GREENBERG, Circuit Judges

(Opinion filed:  May 13, 2011)
_____

OPINION
_____

PER CURIAM

Yong Dong petitions for review of a final order of the Board of Immigration

Appeals (BIA) affirming the decision of the Immigration Judge (IJ) denying asylum,

withholding of removal, and relief under the Convention Against Torture (CAT).  We

have jurisdiction over the BIA's order pursuant to section 242(a) of the Immigration and

Nationality Act (INA), 8 U.S.C. § 1252(a). For the reasons that follow, we will grant the petition for review and remand for further proceedings.

Dong is a citizen of China who entered the United States without a visa in 2001. The Department of Homeland Security (DHS) charged him with being removable under section 212(a)(6)(A)(i), as an alien who arrived in the United States without permission. Dong conceded his removability but sought asylum, alleging that he suffered persecution in China because his wife had been subjected to a forced abortion. The IJ granted Dong's application contingent on an asylee number becoming available.

The government subsequently filed a motion to reopen with the IJ. The government alleged that it had conducted a field investigation in China and obtained evidence that the abortion certificate that Dong had submitted was fraudulent. See 8 C.F.R. § 208.24(f). The IJ granted the motion and scheduled a hearing. Because Dong did not attend the hearing, the IJ ordered him removed in absentia in February 2006; however, the IJ later reopened the case to permit Dong to appear. After the IJ agreed to reopen proceedings (the second time) but before the merits hearing was held, the BIA issued its decision in Matter of J- S-, 24 I. & N. Dec. 520 (B.I.A. 2008), where it ruled that the spouse of a woman who had undergone a forced abortion no longer qualified for asylum on that basis.

At his hearing, which was held in September 2008, Dong again conceded removability, but sought asylum, withholding of removal, and CAT relief. Dong claimed that he was eligible for relief both because of his wife's forced abortion and because he

2

had offered "other resistance" to China's coercive population-control policies.  See INA § 101(a)(42).  According to Dong, due to his and his wife's efforts to have a second child, his employment was terminated.  Further, on the day that family-planning officials came to his residence to compel his wife to have an abortion, a scuffle ensued, and he injured one of the officials.  Three months later, Dong fled the country.  The IJ denied Dong's asylum and withholding-of-removal claims, concluding that his theory concerning his wife's abortion was no longer viable, that he had not suffered past persecution in China based on his other resistance, and that he had not shown that he faced future persecution.

Dong appealed to the BIA.  He argued that the IJ had erred in granting the government's motion to reopen based solely on the government's field-investigation report.  He also claimed that the IJ had erred in applying J-S- and in concluding that he had not been persecuted on account of his resistance to the population-control measures.  The BIA dismissed Dong's appeal, and he filed a petition for review with this Court.

On appeal, Dong renews his argument that the IJ erred in granting the government's motion to reopen on the basis of the field-investigation report.  As Dong observes, pursuant to 8 C.F.R. § 1003.23(b)(3), "[a] motion to reopen will not be granted unless the Immigration Judge is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."  Here, the government did not file the motion to reopen until nearly three years after Dong submitted the abortion certificate into evidence and over a year after the initial hearing.  Dong argues that, had the government acted with reasonable diligence, it could

3

have acquired its evidence in time to offer it at his initial hearing.

In response, the government does not make an argument on the merits; rather, it claims that we should not consider this claim because Dong failed to exhaust it. See generally Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003). However, we are satisfied that this issue was adequately placed before the agency. As an initial matter, § 1003.23(b)(3) required the IJ to consider the issue; the rule prohibited the IJ from reopening proceedings unless he determined that the evidence was not available or discoverable at the time of the earlier hearing. See, e.g., Hailemichael v. Gonzales, 454 F.3d 878, 883-84 (8th Cir. 2006). Moreover, Dong repeatedly challenged the field-investigation report and the IJ's decision to reopen. He sought to exclude the report in his reopened proceedings before the IJ, in part because of the amount of time that had lapsed before the investigation was conducted, and then argued before the BIA that the IJ had erred in reopening the case based on the report. In these circumstances, we conclude that the claim has been exhausted. See generally Cheng v. Att'y Gen., 623 F.3d 175, 185 n.5 (3d Cir. 2010) (referring to the exhaustion requirement as "undemanding").

Nevertheless, we agree with the government's contention that, on the merits, this issue would benefit from further factual development. Therefore, we will remand the case for a determination whether the government's new evidence was available or discoverable at the time of the original proceeding, as required by 8 C.F.R.

4

§ 1003.23(b)(3).[1]  See, e.g., <u>INS v. Ventura</u>, 537 U.S. 12, 17 (2002) (per curiam).

Accordingly, we will grant the petition for review, vacate the BIA's order, and remand

the matter for further proceedings.

---

[1]     In his brief, Dong raised a number of additional claims.  However, in light of our resolution of his first claim, we need not reach them at this time.